IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONTAE PRESTON, # 406319 | * | |
| Petitioner | * | |
| v | * | Civil Action No. WMN-15-3739 |
| STATE OF MARYLAND, | * | |
| Respondent. | * | |
| | *** | |

## MEMORANDUM

Pending is Dontae Preston's ("Preston") petition for writ of habeas corpus pursuant to 28 U.S.C § 2254. Counsel for the state of Maryland and the Warden of Western Correctional Institution ("WCI")[1] has filed a response seeking dismissal of the petition for lack of exhaustion. Preston has filed an opposition. For reasons to follow, the petition will be dismissed without prejudice for lack of exhaustion and a certificate of appealability will not issue.

## BACKGROUND

Preston is challenging his conviction in 2012 after a jury trial in the Circuit Court for Baltimore City, Maryland, for first-degree murder, unlawful use of a handgun, and unlawful possession of a handgun. Preston was sentenced to life in prison for murder with a consecutive 20 years in prison for unlawful use of a handgun. (ECF 4-1)

Preston appealed his judgment of conviction to the Court of Special Appeals of Maryland raising the following question: "Did the court err in declining to give a "Witness Promised Benefit" jury instruction when there was some evidence adduced at trial that the State paid for the witness's protection only after she agreed to cooperate with the investigation into Mr.

---

[1] Petitioner was incarcerated at Western Correctional Institution ("WCI") when he filed this action. The proper respondent is the custodian of that institution. *See* Rule 2(a), Rules Governing Section 2254 Cases. The Warden of WCI will be added as a respondent in this action.

Preston's case." ECF 4-2. The Court of Special Appeals affirmed Preston's judgment of conviction by reported opinion. *Id.*

Preston's request for further review of this judgment was granted by the Court of Appeals of Maryland. On July 27, 2015, the Court of Appeals issued an opinion affirming the judgment of the Court of Special Appeals. ECF 4-8. Preston's judgment became final for direct appeal purposes on Monday, October 26, 2015, when the time for seeking review in the Supreme Court expired. *See* Sup. Ct. Rule 13.1 (requiring petition for a writ of certiorari to be filed within 90 days of the date of judgment from which review is sought). Preston has not initiated post-conviction proceedings in the circuit court. ECF No. 1 at 3.

Preston's petition presents the following claims: (1) trial counsel was ineffective for not protecting his right to a speedy trial; (2) trial counsel was ineffective due to a conflict of interest; (3) prosecutorial misconduct; (4) the trial court erred when it declined to issue a witness promised benefit instruction; and (5) trial counsel provided ineffective assistance with respect to the State's plea offer. ECF No. 1, ECF 1-1.

## DISCUSSION

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. See 28 U.S.C. § 2254(b) &(c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction. In Maryland, a petitioner convicted in a criminal case may satisfy this requirement on direct appeal or by way of post-conviction proceedings.

To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of

Appeals by way of a petition for writ of certiorari. *See* Md. Cts. & Jud. Proc. Code Ann., §12-201 and §12-301.

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Crim. Proc. Code Ann. § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Cts. & Jud. Proc. Code Ann., §12-202. However, if the application is granted but relief on the merits of the claim is denied, a petitioner must file for writ of certiorari to the Court of Appeals.

Respondents posit that Preston has yet to exhaust his claims before the state courts of Maryland. They argue all but one of the claims in the petition have yet to be fully presented before the state courts. Further, the one claim in the petition previously raised on appeal in state court was presented as a violation of state, not federal, law. ECF 4-2. Preston has yet to raise his claims of ineffective assistance to the state courts by filing a petition for post-conviction relief. Preston still has post-conviction proceedings available to him; thus, his claims are unexhausted and will be dismissed without prejudice.

## CERTIFICATE OF APPEALABILITY

A petitioner has no absolute entitlement to appeal a district court's denial of his habeas corpus request. See 28 U.S.C. § 2253(c)(1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Preston does not demonstrate entitlement to a COA in the instant case. Accordingly, the petition will be dismissed without prejudice and a certificate of appealability will not issue.

### CONCLUSION

For these reasons, petition will be dismissed without prejudice for lack of exhaustion.[2] A certificate of appealability will not issue. A separate order follows.

_March 1, 2016_  
Date

/s/  
William M. Nickerson  
Senior United States District Judge

---

[2] In the event petitioner intends to refile for federal habeas relief after exhaustion of his state court remedies, he should be mindful that a one-year limitations period applies. Petitioner will be sent a §2254 forms and information packet to assist him if he decides to pursue his claim on federal habeas review.